UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON L. SMITH,

    Plaintiff,                    CIVIL ACTION NO. 04 CV 74233 DT

v.                            DISTRICT JUDGE LAWRENCE P. ZATKOFF

BLAINE LAFLER,                  MAGISTRATE JUDGE VIRGINIA MORGAN

    Defendant.
_____/

**AMENDED REPORT AND RECOMMENDATION DENYING
MOTION FOR CERTIFICATE OF APPEALABILITY**

This Report and Recommendation makes no substantive changes and incorporates all findings and conclusions of the Report and Recommendation filed March 31, 2006.

This matter is before the court on the petitioner's motion for a Certificate of Appealability following the denial of his petition for a writ of habeas corpus. The district court accepted a Report and Recommendation to which petitioner had filed objections, and denied the petition for a writ. Petitioner now seeks to appeal that decision and wishes to appeal in forma pauperis (I.F.P.). In order to obtain a Certificate of Appealability granting him I.F.P. status, petitioner must make a substantial showing of the denial of a federal constitutional right. See AEDPA, 28 U.S.C. § 2253. For the reasons discussed in this Report, it is recommended that the Certificate of Appealability be denied.

Petitioner seeks to appeal all of six issues decided by the district court. These are the same six issues previously presented to the state appellate courts and determined adversely to him. His

issues relate to ineffective assistance of counsel, prosecutorial misconduct, and new evidence in the form of recanted testimony by petitioner's brother who identified petitioner as the shooter at trial.

As summarized in the Report and Recommendation, petitioner was convicted by a jury of first-degree premeditated murder and possession of a firearm during the commission of a felony in violation of Michigan law.  The charges arose out of the shooting death of Darryl Towns in September, 1999, in the City of Detroit.  It was the prosecutor's theory that the shooting was in retaliation for the assault and beating of Jonathan Nettles earlier that day.  After the incident, Nettles called petitioner's brother and wanted revenge.  Petitioner answered the phone, heard Nettles' story, and joined up with Nettles.  Petitioner's brother Patrick Roberts and others came along and petitioner borrowed a loaded pistol from an acquaintance.  The group then went to a liquor store and then to the decedent's neighborhood with the gun and a baseball bat.  There was another fight and then, according to witnesses, petitioner came across the street with the pistol and shot the decedent in the stomach and leg.  He died shortly thereafter.  (Trial Tr. 4/5/00, pp. 35-51, 90-96)

Petitioner claimed an alibi, a position withdrawn by his attorney on the day of trial.  The trial court found that petitioner was consulted regarding the decision to withdraw the alibi defense and made this decision with his attorney.  (Trial Tr. 4/3/00, p. 13)  The trial court, after due consideration, found no need to adjourn the trial or replace the attorney.  This determination was upheld on appeal, and in the habeas decision.  Further issues of ineffectiveness of counsel regarding failure to elicit plea bargains of codefendants, failure to present an alleged alibi witness, failure to argue a defense of intoxication, and failure to object to evidentiary matters were found to be without merit.  The legal determinations here applied to the facts well-settled principles of federal law as set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  Counsel's performance was deemed not to

be substandard and not to prejudice petitioner. No new or novel legal arguments are contained in this petition and the underlying facts relevant to their determination are not in dispute. There is no showing of a denial of a federal right.

In addition, the claims of prosecutorial misconduct relate only to statements contained in opening statement and closing argument. These were unobjected to at trial, but were considered by the state appellate court which found that they were not prejudicial in light of the strong evidence of petitioner's guilt. Indeed, each court which has reviewed these has found the claims to be without merit, and they are here, procedurally barred. See, Coleman v. Thompson, 501 U.S. 722, 750-51 (1991).

The claim that the jury instructions violated state law is not a federally cognizable claim because it does not demonstrate a fundamental defect which had a substantial and injurious effect or influence in determining the jury's verdict. See, Brecht v. Abrahamson, 113 S.Ct. 1710 (1993). In addition, the state Court of Appeals reasonably found that the jury instruction regarding reasonable doubt was not unconstitutional. Petitioner was not deprived of his right to a fundamentally fair trial.

Finally, the recantation of petitioner's brother and the state court's denial of new trial also do not present a substantial denial of a federal constitutional right. As noted by the state courts, recanted testimony is 'traditionally regarded as suspect and untrustworthy." Given the several witnesses in addition to petitioner's brother who testified against him, it is not probable that a new trial would conclude with different results. Petitioner has not shown that the newly discovered evidence would be grounds for habeas relief. See, Townsend v. Sain, 372 U.S. 293, 317 (1963).

In short, petitioner has failed to make the required showing of the denial of a federal constitutional right. It is recommended that the Motion for Certificate of Appealability be denied.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

  s/Virginia M. Morgan  
VIRGINIA M. MORGAN  
UNITED STATES MAGISTRATE JUDGE

Dated:   May 10, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON L. SMITH,

        Plaintiff,                    CIVIL ACTION NO. 04 CV 74233 DT

    v.                                 DISTRICT JUDGE LAWRENCE P. ZATKOFF

BLAINE LAFLER,                     MAGISTRATE JUDGE VIRGINIA MORGAN

        Defendant.
_____/

## PROOF OF SERVICE

The undersigned certifies that on May 10, 2006 the foregoing Amended Report and Recommendation

Denying Motion for Certificate of Appealability was served upon counsel of record via the Court's ECF

System and via U. S. Mail to:

Damon L. Smith #311644
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI 48623                               s/Jennifer Hernandez
                                                                     Case Manager to
                                                                     Magistrate Judge Virginia M. Morgan