**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAMON L. SMITH

        Petitioner,

v.                                          CASE NO. 04-74233
                                            HON. LAWRENCE P. ZATKOFF

BLAINE LAFLER,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF**
**FROM JUDGMENT**

On June 16, 2006, Petitioner filed a Motion for Relief from Judgment pursuant to Rule 60(b)(3) and (4). Petitioner asserts that the district court lacked jurisdiction to decide his Motion for Certificate of Appealability. Additionally, Petitioner asserts that the district court committed a fraud by refusing to review Petitioner's petition "de novo." Petitioner's Motion for Relief from Judgment has no merit. Accordingly, the Court HEREBY DENIES Petitioner's Motion for Relief from Judgment.

As a final matter, the Court will address Petitioner's February 24, 2006 Application to Proceed *in forma pauperis*. To proceed *in forma pauperis* on appeal, a prisoner "must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate procedure." *United States v. Atkins*, 171 F. Supp. 2d 769, 773 (W.D. Tenn. 2001). Rule 24(a), in relevant part, states as follows:

> [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states

the issues that the party intends to present on appeal.

FED. R. APP. P. 24(a).  Once a petitioner has filed the requisite motion and affidavit, the Court must then certify in writing whether the appeal is taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002).

The standard for issuing a certificate of appealability has a higher threshold than the standard for granting *in forma pauperis* status, which only requires a showing that the appeal is not frivolous. *See Foster*, 208 F. Supp. 2d at 764 (citing *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997)).  Although reasonable jurists would not debate the Court's denial of Petitioner's habeas petition, the Court finds that Petitioner's habeas petition is not frivolous.  *See* 28 U.S.C. § 1915(a)(3).  Accordingly, the Court HEREBY GRANTS Petitioner's Application to Proceed *in forma pauperis*.

IT IS SO ORDERED.

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated:  August 2, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 2, 2006.

        s/Marie E. Verlinde
        Case Manager
        (810) 984-3290